## CONNECTICUT RIVER BANKING CO. et al. v. ROCKBRIDGE CO.

(Circuit Court, W. D. Virginia. December 12, 1895.)

RECEIVERS—TIME OF APPOINTMENT—APPROVAL OF BONDS.

Where receivers of the property of a party to an action are appointed, the order of appointment requiring such receivers to give bonds, to be approved by the court, before they are authorized to act, and enjoining the commencement or prosecution of suits against the party, the appointment of such receivers and their title to the property in question date from the entry of the order of appointment, and not from the time of the approval of their bonds; and a judgment obtained against the party, between the entry of such order and the approval of the receivers' bonds, is invalid, and creates no lien on the property.

On Exceptions to the Master's Report.

Letcher & Letcher, for complainants.
Winburn & Batchelor, for exceptants.

PAUL, District Judge. The question presented for decision in this case is raised by exceptions to the report of the master filed in this cause. On the 26th day of February, 1894, on application of the plaintiffs, who are holders of certain mortgage bonds of the defendant, in which application a number of general creditors of said defendant company joined, receivers were appointed to take charge of the property of the company. The receivers each were required to execute bonds as such officers, the decree providing:

"And before said J. Lewis Bumgardner and F. T. Glasgow, receivers, shall be authorized to act under this decree, they shall each execute and file before the clerk of this court their bonds, with approved personal security, and to be approved by this court, in the penalty of ten thousand dollars, each separately, payable to the United States of America, and conditioned for the faithful discharge of his duty under this and all future orders and decrees of the court in this cause."

In the same decree an injunction order was entered, restraining the officers and agents of the said company—

"From exercising any rights or control over the property, assets, books, and papers of the said company, and from interfering in any manner whatever with the control and management of the receivers over and with the same."

And in the same decree it is also adjudged, ordered, and decreed that:

"All persons who are or claim to be creditors of the said company are hereby enjoined and restrained from instituting any suit or suits against the said company; and, in case any such suit or suits has or have been heretofore instituted against the said company, the further prosecution of the same is hereby enjoined and restrained."

In the same decree the cause was referred to a special master to take an account and make a report showing—First, the property and assets of the said Rockbridge Company; second, the debts and liabilities of the said company, and the order of their priorities. The special master's report was filed on June 3, 1895. It shows the property owned by the defendant company, the liens thereon, and the general or unsecured debts. Among the debts reported in the unsecured class, and as not being liens on the real estate of the de-

fendant company not covered by the deed of trust or mortgage, are two judgments,—one in favor of Annie E. Temple, and the other in favor of William E. Bain. These judgments constitute the basis of the exceptions to the master's report. Following is the ground of exceptions of both exceptants:

"Because the commissioner finds, in his report, that the judgment reported in favor of William E. Bain against the defendant Rockbridge Company has no priority on the property owned by said defendant, and not embraced in deed of trust securing the mortgage bonds held by the plaintiff and others; said judgments having been obtained in the circuit court of Rockbridge county on the 1st day of March, 1894."

To sustain this exception to the master's report, the exceptants show, from the record, this state of facts: At the time the decree was entered appointing receivers, to wit, on the 26th day of February, 1894, actions were pending in the circuit court of Rockbridge county, Va., on the claims of said Annie E. Temple and William E. Bain against the defendant company. That a term of that court commenced on the 1st day of March, 1894, at which term the said judgments were obtained. That on the fifteenth day of the term, to wit, March 15, 1894, these judgments became final, and, in their operation, related to the first day of the term, to wit, March 1, 1894. This effect, it is claimed, is given to the judgments by sections 3287 and 3576 of the Code of Virginia (Ed. 1887), which provide as follows:

"Sec. 3287. Every judgment entered in the office in a case wherein there is no order for an inquiry of damages, and every nonsuit or dismission entered therein shall, if not previously set aside, become a final judgment, if the case be in a circuit court, of the last day of the next term, or the fifteenth day thereof (whichever shall happen first)."

"Sec. 3576. * * * Where a judgment has relation in law to the commencement of the term on which it was rendered, or becomes final, its date (within the meaning of this section) shall be deemed to be as at such commencement."

The record shows that the receivers were each required, by the decree appointing them, to execute a bond in the penalty of $10,000, to be filed with the clerk of the court, and to be approved by the court. F. T. Glasgow, one of the receivers, executed his bond, with sufficient sureties, on the day the decree was entered, to wit, on the 26th of February, 1894, and filed the same with the clerk on the same day. The other receiver, J. L. Bumgardner, executed his bond, with sufficient surety, on the 28th day of February, 1894, and filed the same with the clerk on the 1st day of March, 1894. Both bonds were approved by the district judge on the 2d day of March, 1894.

The exceptants contend that the appointment of the receivers only became operative on the approval of their bonds on the 2d day of March, 1894, and that, as the judgments in favor of the exceptants in the circuit court of Rockbridge county, Va., became final on the 15th day of March, 1894, and by virtue of the Virginia statute quoted related back to the first day of the term, which was the 1st day of March, 1894, their said judgments became liens, before the receivers were appointed, on the property of the defendant company not covered by the deed of trust to secure the mortgage bonds, because, they say, the appointment of the receivers dates, not from the day

of the entry of the decree appointing them, February 26, 1894, but from the day their bonds were approved, March 2, 1894.

The court cannot sustain this contention of the exceptants. It is of opinion that the appointment of the receivers dates from the entry of the decree appointing them, the 26th day of February, 1894, and not from the date of the approval of their bonds, the 2d day of March, 1894. When the court entered the decree of the 26th of February, 1894, it took control of all the property of the insolvent corporation for the benefit of its creditors, and designated the receivers as the hand of the court to take possession of and manage the property in accordance with the orders and directions of the court. The same decree restrained the officers and agents of the defendant company from exercising any further authority over its property. A decree appointing receivers, in the language of the supreme court of appeals of Virginia, in the case of Beverley v. Brooke, 4 Grat. 187, "levies upon the property an equitable execution." "A court of equity, by its order appointing a receiver, takes the subject-matter of the litigation out of the control of the parties, and into its own hands, and ultimately disposes of all questions, legal or equitable, growing out of the proceeding." High, Rec. § 4. The status of the property, and the relations towards it of all parties interested in it, are fixed by the order appointing a receiver; and the conditions are not changed by an order providing that the receiver shall give bond for the faithful discharge of his duties in order that the property may be secured and the rights of creditors therein secured.

The doctrine is thus laid down in Gluck & Becker on Receivers, where an order is entered for the appointment of a receiver:

"The order amounts to a sequestration, by act and operation of law, of such property; and, when the receiver is subsequently appointed, the title to such property vests, by relation, from the date of the order, and has the same effect as if such receiver was named in and appointed by such order. Indeed, the general rule is that, while the receiver cannot take possession of the property of the corporation, or be deemed vested with the estate, before he is appointed, yet, when his appointment is completed, the estate vested in him relates back to the time of granting the order, and from that moment no act can be done affecting the property of the corporation, either by the corporation or its creditors."

Again, in a note to this text, it is said:

"The estate to the property of the corporation vested in a receiver attaches at the time of the order appointing him. It is not deferred until he gives bond in compliance with the order; and garnishee process to reach property of the corporation in the hands of third parties, instituted intermediate between his appointment and giving a bond, is void."

To the same effect see 2 Lewin, Trusts (8th Ed.) 1091 (*814).

The reason of this rule is clear. The object of the appointment of a receiver is to preserve equality among the creditors by preventing a multiplicity of suits, and some creditors from obtaining advantages over others. If the jurisdiction of the court over the property did not attach contemporaneously with the order appointing a receiver, the purpose of the court in appointing a receiver might be defeated by the failure of the person appointed receiver to accept the posi-

tion, or of his inability to give the bond required, or, in the interim between the order appointing a receiver and his giving the required bond, a creditor might obtain an advantage by securing a confession of judgment, and in innumerable other ways.

In the case before the court there is a decree appointing a receiver, an order restraining the officers of the insolvent company from exercising any authority or control over the property of the company, and restraining the creditors of said company from instituting suits against said company, and from prosecuting any suit or suits already instituted, and an order referring the cause to a master to take an account. This being the condition of this cause at the time the judgments of the exceptants were obtained in the circuit court of Rockbridge county, Va., such judgments are invalid. 27 Myers' Fed. Dec. "Receivers," § 86; Gluck & B. Rec. pp. 23–25.

The exceptions must be overruled, and the report of the master confirmed.